IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WAYMOND WRIGHT, | § | |
| | § | |
| Defendant Below, | § | No. 126, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1208019720 (N) |
| | § | |
| Appellee. | § | |

Submitted: July 14, 2025
Decided: August 21, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Waymond Wright, appeals from the Superior Court's order denying his second motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Wright's opening brief that the appeal is without merit. We agree and affirm.

(2) Wright and two codefendants, Natasha Mahaley and Steven Huff, were charged with committing two robberies on August 18, 2012. After trial began, the charges relating to one of the robberies were dropped, and Huff and Mahaley pleaded

guilty to charges relating to the second robbery and then testified against Wright as to the second robbery. The jury found Wright guilty of second-degree robbery and second-degree conspiracy. The Superior Court sentenced Wright in September 2015, and this Court affirmed on direct appeal in 2016.[1]

(3)    Wright then filed a motion for postconviction relief. The Superior Court denied that motion in 2018, and this Court affirmed.[2]

(4)    In July 2024, Wright filed a second motion for postconviction relief. He claimed that his trial counsel's concurrent representation of another client, Izzy Whitehurst, in an unrelated robbery case prevented counsel from effectively cross-examining Mahaley at Wright's trial. Wright asserted that Mahaley had "similar involvement" in the robbery with which Whitehurst was charged and that Wright's counsel could have impeached Mahaley's credibility by questioning her about her role in the other robbery, but counsel's representation of Whitehurst purportedly prevented him from doing so. The Superior Court denied the motion, holding that Wright's claim did not constitute new evidence creating a strong inference of actual

---

[1] *Wright v. State*, 2016 WL 4702061 (Del. Sept. 7, 2016). Wright was convicted in a separate trial of second-degree criminal solicitation arising from soliciting Huff to recant his testimony against Wright in the robbery trial. That conviction was also affirmed on direct appeal. *Wright v. State*, 2016 WL 3453707 (Del. May 23, 2016). The Superior Court sentenced Wright in both the robbery case and the criminal solicitation case at the same time. Notably, after Wright was indicted for criminal solicitation, his trial counsel withdrew because counsel had become a potential fact witness in the criminal solicitation trial. Wright therefore had different counsel by the time of sentencing and direct appeal.

[2] *Wright v. State*, 2018 WL 5251911 (Del. Oct. 19, 2018).

innocence and therefore did not overcome the procedural bars to a successive postconviction motion.

(5)     We agree that Wright has not overcome the procedural bars under Superior Court Rule of Criminal Procedure 61.  Rule 61(d)(2) provides that a second or subsequent motion shall be summarily dismissed unless the movant was convicted after a trial and the motion pleads with particularity either that "new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or that "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid."[3]

(6)     Wright contends that he has satisfied the "actual innocence" exception to summary dismissal.  We disagree.  Wright claims that Mahaley's participation in the Whitehurst robbery "is amply suggestive of some pre-existing relationship with the State"[4] and that evidence of her participation would have undermined her credibility with Wright's jury.  Even assuming that (i) Wright's discovery in 2024 that his counsel represented Whitehurst in 2013 satisfies Rule 61(d)(2)'s "newness"

---

[3] DEL. SUPER. CT. R. CRIM. PROC. 61(d)(2); *see also id.* R. 61(i)(2)(i) ("No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").
[4] Opening Brief at 14.

requirement, (ii) counsel's representation of Whitehurst impeded his ability to cross-examine Mahaley, and (iii) evidence of Mahaley's role in an entirely separate robbery would have been admissible in Wright's trial—all of which are dubious propositions—Wright has presented nothing that creates a strong inference that he is actually innocent.

(7) "Satisfying the actual innocence test is, by design, a heavy burden, and such meritorious claims are exceedingly rare."[5] Evidence that goes only to the weight or credibility of evidence that was presented to the jury is "almost never adequate" to satisfy the actual innocence test.[6] In *Purnell*, on which Wright heavily relies, the defendant based his successive postconviction motion on ballistic evidence contrary to the ballistic evidence presented at trial, evidence of recantation by three key witnesses, and an expert medical opinion that at the time of the crime the defendant would not have had the physical capacity to run in the manner described by an eyewitness.[7] That evidence had exculpatory value as to Purnell and, taken together, created an inference of actual innocence strong enough to overcome the procedural bars. Wright's claim that examining Mahaley about her participation in the Whitehurst robbery would show that she was motivated to testify in the State's

---

[5] *Purnell v. State*, 254 A.3d 1053, 1100 (Del. 2021).
[6] *Id.* at 1098.
[7] *Id.* at 1119-22.

4

favor at Wright's trial is conclusory speculation and, in any event, is at most impeaching. Mahaley's participation in another robbery does not exculpate Wright as to his participation in the robbery at issue in this case. After careful consideration, we conclude that Wright has not presented new evidence that creates a strong inference of actual innocence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm be GRANTED and that the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

5